### No. 2021.—DENNIS CAVANAUGH *v.* JOHN COLEMAN & CO.

In this case two members of the firm of John Coleman & Co. bought out the interest of a third member and assumed all the liabilities of the firm which had been dissolved. Dennis Cavanaugh was a creditor of the firm, for which he brought suit; Dennis Cronan, the retiring partner, was a creditor of Cavanaugh to an amount equal to the debt of the firm to Cavanaugh. By an agreement of parties the matter was left to arbitrators selected by them, who examined and adjusted the accounts, and awarded to Dennis Cronan the amount which the firm owed to Cavanaugh. This award of the arbitrators was shown on the trial of the case to have been agreed to by all parties. Held—That by this settlement confusion took place, and the debt of Cavanaugh against the firm was extinguished by the payment by the firm to Dennis Cronan, the same as if it had been paid to Cavanaugh and by him paid to Cronan; that the transaction was complete, and that Cavanaugh could not recover from the firm.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J.* J. Ad. *Rozier,* for plaintiff and appellee. *C. Roselius* and *Alfred Philips,* for defendants and appellants.

LUDELING, C. J. The plaintiff claims the sum of eight hundred and eighty dollars, balance due him for flagging materials furnished and labor done for account of said firm, according to settlement had in the year 1861.

The firm of John Coleman & Co. was dissolved about six months before the institution of this suit, and John Coleman and George Cronan, two of the members, bought the interest of the other member

of the firm, Dennis Cronan, with its assets, and assumed the payment of the debts. In the act of settlement between the partners it is stated that an amount stated to be due by the firm to Thomas Cavanaugh is not included in the sale, and that the receiver of the firm shall retain the amount in his hands and pay it to Cavanaugh or Dennis Cronan, as the court might thereafter order.

The defendants severed in their defense. Dennis Cronan filed first a general denial and he called in warranty his former partners. They admitted the plaintiff's claim against the firm and their assumption of the debts of the firm; but they aver that in the act of settlement, whereby they agreed to pay the debts of the firm, it was agreed that they should retain in their hands the amount due said plaintiff by the firm, until such time as there should be an order of court obtained for the payment of the same, as Dennis Cronan claimed that he was a creditor of said plaintiff to the amount of the plaintiff's claim against the firm, and they express a readiness to pay the sum to whichever party the court may adjudge the debt to be due.

Then Dennis Cronan filed a peremptory exception to plaintiff's demand, alleging that the claim of plaintiff had been extinguished by a settlement made between them on the third August, 1861.

The evidence shows that Cavanaugh had a debt against the firm, of which Dennis Cronan was a member; that they agreed to adjust and settle these two claims; that the plaintiff selected J. N. De Pouilly and Dennis Cronan selected John Lynch, who examined the respective accounts, adjusted them and reported that "on settlement it appears that there is a balance of $445 81 due to D. Cronan." This memorandum was offered in evidence, and the gentlemen who made the settlement testified in this case that both parties expressed themselves satisfied with it. If we regard this settlement as an agreement between Cavanaugh and Cronan to mutually transfer the claims of each to the other, then the claim of Cronan against Cavanaugh, to the extent of the latter's debt against the firm, was extinguished by confusion and Cronan owned the debt against the firm. The settlement was, in effect, the same as if Cronan had taken this money and paid the partnership debt.

It is therefore ordered that the judgment of the district court be avoided and annulled, and that there be judgment rejecting plaintiff's demand, with costs of both courts.

Rehearing refused.